**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SECUNDA WILLIAMS-STARR,**

    **Plaintiff,**

    **v.**

**TWIN VALLEY BEHAVIORAL HEALTHCARE HOSPITAL,**

    **Defendant.**

**Case No. 2:20-cv-4105
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson**

**REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

**I.    LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

Plaintiff, who appears to be inpatient at State Psychiatric Hospital, Twin Valley Behavioral Hospital in Columbus Ohio ("Twin Valley"), purports to sue Twin Valley. While not clear, Plaintiff seems to allege that she is being wrongfully institutionalized at Twin Valley. She alleges:

> I fiduciary Secunda Williams-Starr, as it proceeds in the claim police/mobile crisis unit has violated my civil rights First Amendment/Freewill Act Law pertaining to arresting me cuffed on Westgate March 1, 2020, and took me I Secunda Williams-Starr to Netcare which sent me to Twin Valley and there was forced medicine about ten to fifteen people hold you down for shot you with an [sic] needle grievance form was written and the shoots [sic] were stopped but nurses kept giving, probate court has been negligence prejudice within my human rights, and due to harm of unborn child. These laws are to be upheld at all times the SAHMHSA 42 CFR & 211 and consent forms v. informed consent. When signing liability rights away that makes you full responsable [sic] for all damages. Due to the switching and baiting me to sign things in order to get released. Im [sic] waving [sic] hearing and pleading to the Court for one billion dollars in settlement. See evidence attached.

(Doc. 1-1 at 1–2).

Based on Plaintiff's allegations, it additionally appears that she is mentally ill. The evidence she attaches shows this. Specifically, she attaches a March 2, 2020, "Ohio Department of Mental Health and Addiction Services Application for Emergency Admission." (*Id.* at 8). It provides that Plaintiff "[i]s a mentally ill person subject to hospitalization by court order under

2

division B Section 5122.01 of the Revised Code" because, at the time, she "[r]epresent[ed] a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical needs because of the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community." (*Id*.). Further, the form provides that Plaintiff "presented paranoid/delusional," "believed she was a judge in Cleveland, OH," "reported being pregnant," "reported having 80 brothers when [her] daughter reports [her] being an only child," and "has [diagnosis] of paranoid schizophrenia non-treated since 2007." (*Id*.).

### III. DISCUSSION

There are two primary deficiencies with Plaintiff's Complaint.  First, "Twin Valley Behavioral Healthcare is a regional psychiatric hospital administered by the Ohio Department of Mental Health." *Dotson v. Twin Valley Behavioral Healthcare*, No. 2:14-CV-1831, 2014 WL 6606406, at *2 (S.D. Ohio Nov. 20, 2014) (quotation marks and citations omitted). "As an agency or arm of the State of Ohio, it cannot be sued in a federal court under 42 U.S.C. § 1983 both because it is not a 'person' which can be sued under that statute and because the State of Ohio has immunity from suit under the Eleventh Amendment to the United States Constitution." *Id*. (citations omitted).  Plaintiff's Complaint should be dismissed for this reason alone. *See id*. (holding that Twin Valley cannot be sued in federal court under Section 1983).

But even if Plaintiff had sued individual staff members at the hospital, her Complaint states no constitutional claim.  Specifically, it provides insufficient factual content or context from which the Court could reasonably infer a constitutional violation.  Thus, Plaintiff has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555.  Moreover, the allegations themselves are so nonsensical as to render

the Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Because Plaintiff's Complaint is premised on incomprehensible allegations, the Undersigned finds Plaintiff has failed to state a plausible claim for relief, and her complaint should be dismissed as frivolous. *See Flores*, 2014 WL 358460, at *3; *see also Carter v. Twin Valley Behavior*, No. 2:12-CV-795, 2012 WL 4364270, at *2 (S.D. Ohio Sept. 24, 2012), *report and recommendation adopted*, No. 2:12-CV-795, 2012 WL 5931530 (S.D. Ohio Nov. 27, 2012) (citation omitted) ("Plaintiff appears to allege that someone at Twin Valley forced her to take certain medications against her will [but] does not state who allegedly forced her to take the medication in question. Nor does Plaintiff clearly state the legal injury she allegedly suffered. . . . The Undersigned could only speculate as to what Plaintiff is trying to say, and what, if any, basis for relief might be available to her.").

### III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

4

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.

Date: August 12, 2020                      /s/Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE